UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
FELICIA DIXON,

        Plaintiff

   -against-

CURTIS KUBIAK, "JOHN" WARNER, "JOHN" MOSELANI
and ROBERT KIRKPATRICK as Superintendent of Albion
Correctional Facility,

        Defendants.
-----------------------------------------------------------------x

**06 CV 0439**

**JUDGE PATTERSON**

**VERIFIED COMPLAINT**

JURY TRIAL DEMANDED

RECEIVED
JAN 2 0 2006
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff, by her attorneys, MARK L. LUBELSKY AND ASSOCIATES, complaining of the defendants, alleges as follows:

## NATURE OF CASE

1. This is an action by citizens of the United States brought to remedy a deprivation of their civil rights by person(s) acting under color of state law in violation of 42 U.S.C. Section 1983 seeking damages, and other appropriate legal and equitable relief.

## PROCEDURAL AND JURISDICTION PREREQUISITES

2. Plaintiff has complied fully with all prerequisites to jurisdiction in this Court. Jurisdiction of the court is proper under 28 U.S.C. Sections 1331 and 1343 and 42 U.S.C. Section 1983.

3. As the plaintiff resides within the Southern District of New York, venue is proper.

## PARTIES

4. Plaintiff is a female resident of the County of New York, State of New York.

5. At all relevant times, plaintiff was incarcerated at Albion Correctional Facility for Woman in Albion, New York.

6. Defendant CURTIS KUBIAK, upon information and belief, is a Corrections Officer employed by the Department of Correctional Services for the State of New York.

7. Defendant CURTIS KUBIAK, upon information and belief, at all relevant times, was employed at Albion Correctional Facility for Woman in Albion, New York.

8. Upon information and belief defendant CURTIS KUBIAK is the identity of the person who deprived plaintiff FELICIA DIXON of her civil rights while acting under color of state law.

9. Defendant "JOHN" WARNER upon information and belief, is a Corrections Officer employed by the Department of Correctional Services for the State of New York.

10. Defendant "JOHN" WARNER upon information and belief, at all relevant times, was employed at Albion Correctional Facility for Woman in Albion, New York.

11. Upon information and belief defendant "JOHN" WARNER is the identity of the person who deprived plaintiff FELICIA DIXON of her civil rights while acting under color of state law.

12. Defendant "JOHN" MOSELANI, upon information and belief, is a Corrections Officer employed by the Department of Correctional Services for the State of New York.

13. Defendant "JOHN" MOSELANI upon information and belief, at all relevant times, was employed at Albion Correctional Facility for Woman in Albion, New York.

14. Upon information and belief defendant "JOHN" MOSELANI is the identity of the person who deprived plaintiff FELICIA DIXON of her civil rights while acting under color of state law.

15. Defendant ROBERT KILPATRICK, upon information and belief, at all relevant times, was the Superintendent of Albion Correctional Facility for Woman in Albion, New York.

16. Upon information and belief defendant ROBERT KILPATRICK is the identity of the person who deprived plaintiff FELICIA DIXON of her civil rights while acting under color of state law.

## MATERIAL FACTS

17. Plaintiff is a female citizen of the United States of America.

18. That at all times hereinafter mentioned, the plaintiff was incarcerated at the Albion Correctional Facility for Woman in Albion, New York.

19. The plaintiff was housed within the Facility in the N-Block Housing Unit where Correctional Officer Curtis Kubiak was employed to work his regular duties.

20. Upon information and belief, on or about July 31, 2005, Correctional Officer Curtis Kubiak engaged in impermissible physical contact when he initiated, provoked and continued a non-consensual sexual relationship with the plaintiff.

21. On an occasion when claimant refused the sexual demands of defendant CURTIS KUBIAK, defendant "JOHN" MOSELANI lodged false disciplinary allegations against the plaintiff as retaliation.

22. Upon information and belief, defendant "JOHN" MOSELANI aided and abetted the impermissible sexual contact between defendant CURTIS KUBIAK and the plaintiff.

23. As a result of the aforesaid false disciplinary allegations, on or about August 9, 2005, plaintiff was wrongfully placed in disciplinary keeplock for a period of 15 days.

24. On or about September 7, 2005, Correctional Officer Curtis Kubiak raped the plaintiff.

25. Correctional Officer Curtis Kubiak raped the plaintiff on other occasions.

without any just cause or provocation, maliciously assaulted, beat, and raped the plaintiff, causing the injuries hereinafter alleged.

40. That by reason of and in consequence of the assault, the plaintiff sustained serious bodily injuries, emotional and mental distress and injury with accompanying pain and was rendered sick, sore, and bruised, that some of the injuries may be permanent; and that plaintiff has, as a result thereof, for some time been confined to her bed and house and has required medicines and medical attention and has been prevented and will be prevented from pursuing her usual and ordinary vocation and has expended or incurred large sums and will be required to expend and incur further sums for medical and other attention.

41. That by reason of and in consequence of the rape, the plaintiff sustained serious bodily injuries, emotional and mental distress and injury with accompanying pain and was rendered sick, sore, and bruised, that some of the injuries may be permanent; and that plaintiff has, as a result thereof, for some time been confined to her bed and house and has required medicines and medical attention and has been prevented and will be prevented from pursuing her usual and ordinary vocation and has expended or incurred large sums and will be required to expend and incur further sums for medical and other attention.

42. That by reason of the foregoing, the plaintiff has suffered damages including attorneys fees and punitive damages in an amount to be determined upon the trial of this action.

## AS A SECOND CAUSE OF ACTION FOR ASSAULT UNDER 42 U.S.C. 1983

43. Plaintiff repeats and reiterates each and every allegation contained in paragraphs numbered "1" through "42" inclusive, with the same force and effect as if more fully set forth at length herein.

44. Plaintiff FELICIA DIXON has been deprived of her civil rights by a person(s) acting under color of state law in violation of 42 USC § 1983.

45. Plaintiff FELICIA DIXON has been deprived of her civil rights by defendant CURTIS KUBIAK acting under color of state law in violation of 42 USC § 1983.

46. Plaintiff FELICIA DIXON has been deprived of her civil rights by defendant CURTIS KUBIAK as retaliation for her refusal to engage in a sexual relationship with defendant CURTIS KUBIAK.

47. That by reason of the foregoing, the plaintiff has suffered damages including attorneys fees and punitive damages in an amount to be determined upon the trial of this action.

## AS A THIRD CAUSE OF ACTION FOR ASSAULT UNDER 42 U.S.C. 1983

48. Plaintiff repeats and reiterates each and every allegation contained in paragraphs numbered "1" through "47" inclusive, with the same force and effect as if more fully set forth at length herein.

49. Plaintiff FELICIA DIXON has been deprived of her civil rights by a person(s) acting under color of state law in violation of 42 USC § 1983.

50. Plaintiff FELICIA DIXON has been deprived of her civil rights by defendant "JOHN" WARNER acting under color of state law in violation of 42 USC § 1983.

51. Plaintiff FELICIA DIXON has been deprived of her civil rights by defendant "JOHN" WARNER as retaliation for her refusal to engage in a sexual relationship with defendant CURTIS KUBIAK.

52. That by reason of the foregoing, the plaintiff has suffered damages including attorneys fee and punitive damages in an amount to be determined upon the trial of this action.

## AS A FOURTH CAUSE OF ACTION FOR ASSAULT UNDER 42 U.S.C. 1983

53. Plaintiff repeats and reiterates each and every allegation contained in paragraphs numbered "1" through "52" inclusive, with the same force and effect as if more fully set forth at length herein.

54. Plaintiff FELICIA DIXON has been deprived of her civil rights by a person(s) acting under color of state law in violation of 42 USC § 1983.

55. Plaintiff FELICIA DIXON has been deprived of her civil rights by defendant "JOHN" MOSELANI acting under color of state law in violation of 42 USC § 1983.

56. Plaintiff FELICIA DIXON has been deprived of her civil rights by defendant "JOHN" MOSELANI as retaliation for her refusal to engage in a sexual relationship with defendant CURTIS KUBIAK.

57. That by reason of the foregoing, the plaintiff has suffered damages including attorneys fees and punitive damages in an amount to be determined upon the trial of this action.

## AS A FIFTH CAUSE OF ACTION FOR ASSAULT UNDER 42 U.S.C. 1983

58. Plaintiff repeats and reiterates each and every allegation contained in paragraphs numbered "1" through "57" inclusive, with the same force and effect as if more fully set forth at length herein.

59. Plaintiff FELICIA DIXON has been deprived of her civil rights by a person(s) acting under color of state law in violation of 42 USC § 1983.

60. Plaintiff FELICIA DIXON has been deprived of her civil rights by defendant ROBERT KIRKPATRICK as Superintendent of Albion Correctional Facility acting under color of state law in violation of 42 USC § 1983.

61. Plaintiff FELICIA DIXON has been deprived of her civil rights by defendant ROBERT KIRKPATRICK as Superintendent of Albion Correctional Facility as retaliation for her refusal to engage in a sexual relationship with defendant CURTIS KUBIAK.

62. That by reason of the foregoing, the plaintiff has suffered damages including attorneys fees and punitive damages in an amount to be determined upon the trial of this action.

## AS A SIXTH CAUSE OF ACTION FOR NEGLIGENCE UNDER 42 U.S.C. 1983

63. Plaintiff repeats and reiterates each and every allegation contained in paragraphs numbered "1" through "62" inclusive, with the same force and effect as if more fully set forth at length herein.

64. That the defendant CURTIS KUBIAK had a duty to protect the well-being of plaintiff FELICIA DIXON at the Albion Correctional Facility for Women.

65. That the defendant CURTIS KUBIAK failed to protect the well-being of plaintiff FELICIA DIXON at the Albion Correctional Facility for Women.

66. That the negligence of defendant CURTIS KUBIAK was the proximate cause of the rape herein.

67. That the negligence of defendant CURTIS KUBIAK was the proximate cause of the deprivation of civil rights of plaintiff FELICIA DIXON.

68. That by reason of the foregoing, the plaintiff has suffered damages including attorneys fees and punitive damages in an amount to be determined upon the trial of this action.

## AS A SEVENTH CAUSE OF ACTION FOR NEGLIGENCE UNDER 42 U.S.C. 1983

69. Plaintiff repeats and reiterates each and every allegation contained in paragraphs numbered "1" through "68" inclusive, with the same force and effect as if more fully set forth at length herein.

70. That the defendant "JOHN" WARNER had a duty to protect the well-being of plaintiff FELICIA DIXON at the Albion Correctional Facility for Women.

71. That the defendant "JOHN" WARNER failed to protect the well-being of plaintiff FELICIA DIXON at the Albion Correctional Facility for Women.

72. That the negligence of defendant "JOHN" WARNER was the proximate cause of the rape and/or deprivation of plaintiff's civil rights herein.

73. That the negligence of defendant "JOHN" WARNER was the proximate cause of the deprivation of civil rights of plaintiff FELICIA DIXON.

74. That by reason of the foregoing, the plaintiff has suffered damages including attorneys fees and punitive damages in an amount to be determined upon the trial of this action.

## AS A EIGHTH CAUSE OF ACTION FOR NEGLIGENCE UNDER 42 U.S.C. 1983

75. Plaintiff repeats and reiterates each and every allegation contained in paragraphs numbered "1" through "74" inclusive, with the same force and effect as if more fully set forth at length herein.

76. That the defendant "JOHN" MOSELANI had a duty to protect the well-being of plaintiff FELICIA DIXON at the Albion Correctional Facility for Women.

77. That the defendant "JOHN" MOSELANI failed to protect the well-being of plaintiff FELICIA DIXON at the Albion Correctional Facility for Women.

78. That the negligence of defendant "JOHN" MOSELANI was the proximate cause of the rape herein.

79. That the negligence of defendant "JOHN" MOSELANI was the proximate cause of the deprivation of civil rights of plaintiff FELICIA DIXON.

80. That by reason of the foregoing, the plaintiff has suffered damages including attorneys fees and punitive damages in an amount to be determined upon the trial of this action.

### AS A NINTH CAUSE OF ACTION FOR NEGLIGENCE UNDER 42 U.S.C. 1983

81. Plaintiff repeats and reiterates each and every allegation contained in paragraphs numbered "1" through "80" inclusive, with the same force and effect as if more fully set forth at length herein.

82. That the defendant ROBERT KIRKPATRICK, as Superintendent of Albion Correctional Facility, had a duty to protect the well-being of plaintiff FELICIA DIXON at the Albion Correctional Facility for Women.

83. That the defendant ROBERT KIRKPATRICK, as Superintendent of Albion Correctional Facility, failed to protect the well-being of plaintiff FELICIA DIXON at the Albion Correctional Facility for Women.

84. That the negligence of defendant ROBERT KIRKPATRICK, as Superintendent of Albion Correctional Facility, was the proximate cause of the rape herein.

85. That the negligence of defendant ROBERT KIRKPATRICK, as Superintendent of Albion Correctional Facility, was the proximate cause of the deprivation of civil rights of plaintiff FELICIA DIXON.

86. That by reason of the foregoing, the plaintiff has suffered damages including attorneys fees and punitive damages in an amount to be determined upon the trial of this action.

WHEREFORE, plaintiff demands judgment against the defendants in an amount to determined at trial together with attorneys' fees and punitive damages on all causes of action and the costs and disbursements of this action.

### JURY DEMAND

Plaintiff demands a trial by jury.

Dated: New York, New York
      January 5, 2006

> MARK L. LUBELSKY AND ASSOCIATES
> By_____
> MARK L. LUBELSKY (7958)
> Attorneys for Plaintiff
> 123 West 18th Street
> Eighth Floor
> New York, New York 10011
> 212-242-7480
> File No.: 6477

## CLIENT VERIFICATION

FELICIA DIXON, being duly sworn deposes and says the following under the penalties of perjury:

I am the plaintiff in the within action, and as such, I am fully familiar with all the facts and circumstances herein.

I have read the foregoing Complaint, and know the contents thereof; the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters, I believe them to be true.

Dated: New York, New York
January 6, 2006

_____
FELICIA DIXON

State of New York   )
                    ) ss.:
County of  NY       )

On the 6 — day of January in the year 2006 before me, the undersigned, a Notary Public in and for the State, personally appeared Felicia Dixon Personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument

MARK L. LUBELSKY
Notary Public, State of New York
No. 02LU_____7410
Qualified in Nassau County
Commission Expires Dec. 27, 20__