UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

FELICIA DIXON,                                    **REPORT AND RECOMMENDATION**

                Plaintiff,

CURTIS KUBIAK, et al.,                            Case No.: 08-CV-528(S)(M)

                Defendants.

---

This case was referred to me by Hon. William M. Skretny for supervision of pretrial proceedings, including "hear[ing] and report[ing] upon dispositive motions", in accordance with 28 U.S.C. §636(b)(1)(Dkt. #62). Before me is the motion of plaintiff for the entry of a default judgment against Curtis Kubiak ("Kubiak") pursuant to Fed. R. Civ. P. ("Rule") 55(b)(2) (Dkt. #75). For the following reasons, I recommend that the motion be DENIED, without prejudice.

## BACKGROUND

Plaintiff initially commenced this 42 U.S.C. 1983 action by complaint filed on January 20, 2006. Affirmation of Amy Howlett, Esq. (Dkt. #76), Ex. A. Plaintiff alleges that while she was incarcerated in the Albion Correctional Facility, defendant Kubiak, a correctional officer, violated her constitutional rights by sexually assaulting her on or about September 7, 2005. Plaintiff further alleges that defendants Warner, Molisoni, Baugher, Higgins, Slawatycki, Andrews and Kirkpatrick, all of whom were correctional staff and/or supervisors at the

Correctional Facility, violated her constitutional rights by establishing a pattern of indifference to sexual harassment and assault against female inmates housed in the correctional facility (Dkt. #68).

Despite executing an acknowledgment of service on September 8, 2007 (Affirmation of Amy E. Howlett, Esq. (Dkt. #76), Ex. A), defendant Kubiak has not appeared, answered or otherwise responded to the initial complaint. Therefore, on January 20, 2009 a Clerk's Entry of Default was entered against him (Dkt. #74), and on January 23, 2009 plaintiff filed this motion for a default judgment (Dkt. #75).

## DISCUSSION AND ANALYSIS

Obtaining a default judgment is a two-step process. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Rule 55(a). Thereafter, a judgment by default may be entered upon application. *See* Rule 55(b).

"The entry of a default judgment under Rule 55(b)(2) of the Federal Rules of Civil Procedure is committed to the sound discretion of the court. . . . In determining whether a default judgment is warranted, the court may consider a variety of factors, including, *inter alia*, the amount of money involved, whether the default is largely technical, whether the grounds for default are clearly established, and whether the default was caused by a good faith mistake or excusable neglect."

While plaintiff moves for a default judgment against defendant Kubiak based upon the initial complaint, the complaint was subsequently amended on four occasions, most

recently on October 29, 2008. *See* Dkt. ## 43, 46, 61, and 68. Plaintiff alleges that defendant Kubiak "has been served by mail with copies of amended complaints throughout the year, which presumably served as reminders to him that he never responded to the Complaint." Plaintiff's Memorandum of Law (Dkt. #77), p. 6.

"It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." International Controls Corp. v. Vesco, 556 F.2d 665, 668 -669 (2d Cir. 1977), *cert. denied*, 434 U.S. 1014 (1978). However, "until served, a pleading or motion has no effect." Johnson v. Ledwin, 2008 WL 4147251, *2 (W.D.N.Y. 2008) (Foschio, M.J.), *Report and Recommendation Adopted*, 2008 WL 4280095 (W.D.N.Y.2008) (Arcara, J.). Therefore, if defendant Kubiak was served with one of the amended complaints, plaintiff's motion for judgment based upon his failure to respond to the initial complaint would be rendered moot.

It is unclear whether defendant Kubiak was served with one of the four amended complaints.[1] Mindful that "defaults generally are disfavored" and "that doubts are to be resolved in favor of a trial on the merits", Peryea v. Carter's Trucking & Blacktopping, Inc., 1998 WL 743713, *1 (N.D.N.Y. 1998), I recommend that plaintiff's motion for a default judgment be denied without prejudice, unless by March 6, 2009 plaintiff states in writing that none of the four amended complaints were served upon defendant Kubiak.

---

[1] For example, plaintiff's counsel does not indicate whether the amended complaints were served via mail with an acknowledgment of service, and whether defendant Kubiak ever returned the acknowledgment, as he did with the initial complaint.

## CONCLUSION

For these reasons, I recommend that plaintiff's motion for a default judgment be DENIED, without prejudice. Pursuant to 28 U.S.C. §636(b)(1), it is hereby

ORDERED, that this Report and Recommendation be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Rule 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider de novo arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance. *See, e.g.*, Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co., 840 F. 2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. Thomas v. Arn, 474 U.S. 140, (1985); Wesolek v. Canadair Ltd., 838 F. 2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report and Recommendation), may result in the District Judge's refusal to consider the objection.

DATED:        February 23, 2009

                                                                /s/ Jeremiah J. McCarthy
                                                                Jeremiah J. McCarthy
                                                                United States Magistrate Judge

DATED:        February 23, 2009