UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

FELICIA DIXON,  **REPORT AND RECOMMENDATION**

                Plaintiff,

CURTIS KUBIAK, et al.,  Case No.: 08-CV-528(S)(M)

                Defendants.

---

This case has been referred to me by Hon. William M. Skretny to decide all non-dispositive motions, hear and report on all dispositive motions, and otherwise supervise pretrial proceedings [62][1]. Before me is plaintiff's third motion for a default judgment against Curtis Kubiak ("Kubiak") pursuant to Fed. R. Civ. P. ("Rule") 55 [90]. For the following reasons, I recommend that the motion be GRANTED in part.

**PROCEDURAL BACKGROUND**

Plaintiff initially commenced this 42 U.S.C. § 1983 action by complaint filed January 20, 2006. Howlett Affirmation [76], Ex. B. On January 20, 2009, a Clerk's Entry of Default was entered against Kubiak [74], and plaintiff subsequently filed a motion for default judgment [75]. Judge Skretny adopted my recommendation that the motion be denied because plaintiff asserted that Kubiak had "been served by mail with copies of amended complaints throughout the year" [77], but offered no proof of service. Report and Recommendation [82].

---

[1]     Bracketed citations refer to the CM/ECF docket entries.

Plaintiff next moved for a default judgment [83] based upon the second amended complaint which was filed June 17, 2008 [46], and was served on Kubiak on June 18, 2008. Howlett Affirmation [84], Ex. B. Judge Skretny denied the motion as premature, pending an entry of default by the Clerk of the Court addressing Kubiak's failure to respond to the second amended complaint. Order [86], ¶ 6.

On April 8, 2009, a Clerk's Entry of Default was entered against Kubiak for his failure to respond to the second amended complaint [88], *see* Request for Clerk's Entry of Default [87], and plaintiff now moves for a default judgment. Howlett Affirmation [92], Ex. B.

## FACTUAL BACKGROUND

Plaintiff alleges that on or about September 7, 2005, while she was incarcerated in the Albion Correctional Facility, corrections officer Curtis Kubiak raped and sexually harassed her, in violation of her Eighth Amendment rights. Second Amended Complaint [46], ¶¶ 51-54. Plaintiff further alleges that the remaining defendants, all of whom were employed by the New York State Department of Correctional Services ("DOCS"), established a pattern of indifference to sexual harassment and rape against female inmates. Id.

## DISCUSSION AND ANALYSIS

Obtaining a default judgment is a two-step process. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Rule 55(a). Thereafter, a judgment by default may be entered upon application. *See* Rule 55(b).

As discussed supra, Plaintiff has obtained a Clerk's Entry of Default against Kubiak for his failure to appear or serve a responsive pleading to the second amended complaint. Clerk's Entry of Default [88]; *see* Request for Clerk's Entry of Default [87]. Unlike a clerk's entry of default, the entry of a default judgment is discretionary. "Default judgments are disfavored, as there is a clear preference for cases to be adjudicated on the merits. . . . Nonetheless, default judgment is an appropriate sanction for 'defaults that arise from egregious or deliberate conduct.' . . . . In considering whether to enter a default judgment, courts consider (1) the merits of the plaintiff's claim and the existence of a meritorious defense, (2) the willfulness of the default, and (3) the possibility of prejudice to the plaintiff if default is not granted." 1st Bridge LLC v. 682 Jamaica Ave., LLC, 2009 WL 301941, *1 (E.D.N.Y. 2009). *See* 10 Moore's Federal Practice § 55.31 (3d ed. 2009) ("In exercising its discretion whether to grant a default judgment, the court may consider any appropriate factors.").

**A.     The Merits of Plaintiff's Claim Against Kubiak.**

"Prior to entering default judgment, the court must determine whether the facts alleged in the Complaint are sufficient to state a claim for relief as to each cause of action for which the plaintiff seeks default judgment." Garden City Boxing Club, Inc. v. Giambra, 2004 WL 1698633, *1 (W.D.N.Y. 2004) (Skretny, J.). "Once default has been entered, the allegations of the Complaint that establish the defendant's liability are accepted as true, except for those relating to the amount of damages." Id.

Plaintiff alleges that Kubiak sexually harassed and raped her in violation of her Eighth Amendment rights while acting under color of state law. Howlett [92], Ex. C. Whether punishment is cruel and unusual is "contextual and responsive to contemporary standards of decency". Hudson v. McMillian, 503 U.S. 1, 8 (1992). "A sexual assault on an inmate by a guard-regardless of the gender of the guard or of the prisoner-is deeply offensive to human dignity." Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000).

Kubiak has pled guilty to Sexual Misconduct (N.Y. Penal Law §130.20) and Official Misconduct (N.Y. Penal Law §195.00). Howlett Affirmation [92], Ex. D. As part of the plea, he admitted to having sexual intercourse with plaintiff on September 7, 2005, while he was employed as a corrections officer by DOCS. However, even if Kubiak's defense was that the sexual intercourse with plaintiff was consensual, this also may constitute an Eighth Amendment violation. *See* Carrigan v. Davis, 70 F.Supp.2d 448, 452-453 (D.Del. 1999) ("as a matter of law, that an act of vaginal intercourse and/or fellatio between a prison inmate and a prison guard, whether consensual or not, is a per se violation of the Eighth Amendment.").[2] Therefore, I find that this factor weighs in favor of granting plaintiff's motion.

---

[2] *Compare with* Fisher v. Goord, 981 F.Supp. 140, 174 (W.D.N.Y. 1997) (Arcara, J.) (finding that "consensual sexual interactions between a correction officer and an inmate, although unquestionably inappropriate, and in this Court's view despicable, do not constitute cruel and unusual punishment under the Eighth Amendment", but noting that "it is now the law in New York that sexual relations of any kind between an inmate and a correction officer constitute statutory rape. N.Y. Penal L. § 130.05(3)(e). This law was not in effect, however, at the time of the alleged misconduct in this case. Indeed, the fact that it was necessary to enact such a law, combined with the lack of evidence of any prior prohibition, would indicate that, before the new law's passage, an inmate could, as a matter of law, consent to sexual relations with a correction officer.").

**B.    Willfulness of the Default.**

Despite being served with the second amended complaint (Howlett Affirmation [92], Ex.B), and both he and his attorney being advised of plaintiff's intent to move for a default judgment (id. at ¶¶ 15-16), Kubiak has failed to appear or respond in this case for over one year. Howlett Affirmation [92], ¶¶ 3-5. Kubiak's failure to appear combined with the clear notice provided by plaintiff precludes excusable neglect as an explanation for his failure to respond. *See* Cablevision of Southern Conn., Ltd. Partnership v. Smith, 141 F. Supp. 2d 277, 282 (D. Conn. 2001) ("Given Smith's notice of the action and his continued failure to appear, answer or otherwise respond to the complaint for over two years since its filing, Smith's delay in answering the complaint cannot be the result of a good-faith mistake or excusable neglect."). Therefore, this factor also weighs in favor of granting plaintiff's motion.

**C.    Prejudice to Plaintiff if a Default Judgment is Not Granted.**

Plaintiff has not made a strong demonstration of prejudice aside from delay. However, "a strong showing of prejudice is not required for default judgment where . . . the evidence clearly shows willful default and the absence of a meritorious defense." Gladys Music v. Ed Smith Prods., 1994 WL 705265, *2 (N.D.N.Y. 1998).

On balance, I find that the factors discussed above weigh in favor of granting plaintiff's motion. Therefore, I recommend that judgment be entered as to Kubiak's liability.

**D.      Judgment as to Damages.**

Plaintiff's claim is not for a sum certain and she concedes that entry of judgment as to damages is not appropriate at this time. Therefore, she requests that the court "set a date for submissions . . . regarding the amount of damages to be awarded". Plaintiff's Memorandum of Law [91], p. 7. I agree, and recommend that a damages inquest be deferred until Judge Skretny rules on this Report and Recommendation. See <u>Kidd v. Andrews</u>, 340 F. Supp. 2d 333, 338 (W.D.N.Y. 2004) (Larimer, J.) ("'Where liability is joint and several, the entry of default judgment against fewer than all defendants in an action is proper, [but] a damages hearing may not be held until the liability of each defendant has been resolved.'").

**CONCLUSION**

For these reasons, I recommend that the plaintiff's motion be GRANTED to extent that it seeks a judgment by default in favor of plaintiff as to Kubiak's liability and that a damages inquest be deferred until Judge Skretny rules on this Report and Recommendation. Pursuant to 28 U.S.C. §636(b)(1), it is hereby

ORDERED, that this Report and Recommendation be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed. R. Civ. P. 72(b) and Local Rule 72.3(a)(3). The district judge will ordinarily refuse to consider de novo arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the

first instance. *See, e.g.*, Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co., 840 F. 2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. Thomas v. Arn, 474 U.S. 140 (1985); Wesolek v. Canadair Ltd., 838 F. 2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report and Recommendation), may result in the District Judge's refusal to consider the objection.

DATED: August 28, 2009

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge