UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

FELICIA DIXON,

                      Plaintiff,                          **08-CV-0528**

     vs.

CURTIS KUBIAK ET AL.,

                      Defendants.
_____

## STIPULATION AND ORDER OF SETTLEMENT

      WHEREAS, the Plaintiff, **FELICIA DIXON**, filed a Verified Complaint on January 20, 2006 in the United States District Court for the Southern District of New York (Docket No. 55-2), in the above-captioned matter, alleging that the Defendants, violated her constitutional, statutory and/or civil rights while housed at Albion Correctional Facility ("Albion"); and

      WHEREAS on July 18, 2008, the case was transferred to the United States District Court for the Western District of New York (Docket No. 55); and

      WHEREAS on October 29, 2008, the Plaintiff filed a Fourth Amended Complaint in the United States District Court for the Western District of New York (the "Complaint") (Docket No. 68); and

      WHEREAS Plaintiff alleged in the Complaint that she was sexually harassed, sexually assaulted, and raped by Defendant **Curtis Kubiak** while incarcerated at Albion, and physically assaulted by a Sergeant thereafter in retaliation for her reporting Defendant **Curtis Kubiak's** sexual misconduct; and

      WHEREAS Plaintiff further alleged in the Complaint that the other Defendants either

directly participated in and/or conspired in her rape and sexual mistreatment, or established a pattern and practice of official tolerance for and/or deliberate indifference to the sexual harassment, sexual assault, and rape of the Plaintiff and of other female inmates by correctional officers, including prior rapes and sexual misconduct committed by Defendant **Curtis Kubiak**; and

WHEREAS Plaintiff further alleged in the Complaint that as a result of the acts and omissions by Defendant **Curtis Kubiak** and the other Defendants she suffered substantial and unnecessary discomfort, pain, humiliation, and physical injury; and

WHEREAS on or around November 16, 2005, Defendant **Curtis Kubiak** pleaded guilty to Sexual Misconduct and Official Misconduct, and, as part of the plea allocution, Defendant **Curtis Kubiak** admitted to having sexual intercourse with the Plaintiff on September 7, 2005; and

WHEREAS on or around April 8, 2009, a default judgment was entered by the Court against Defendant **Curtis Kubiak** (Docket No. 88); and

WHEREAS all claims against Defendants **Anginell Andrews**, **Robert Kirkpatrick and Jean Slawatycki** were dismissed with prejudice upon Stipulation and Order, and such dismissal is a condition precedent to this settlement; and

WHEREAS the remaining parties, Defendants **Gary Baugher**, **Terry Molisani**, **Michael Higgins**, and **Bruce D. Werner** and the Plaintiff (collectively the "parties") are interested in resolving all of the remaining issues alleged in the Complaint in this action, and have negotiated in good faith for that purpose; and

WHEREAS none of the parties to the above-captioned action is an infant or incompetent person; and

-3-

WHEREAS the parties to the above-captioned action are desirous of discontinuing the litigation;

IT IS HEREBY STIPULATED AND AGREED by and between the Plaintiff and Defendants **Anginell Andrews, Robert Kirkpatrick, Jean Slawatycki, Gary Baugher, Terry Molisani, Michael Higgins, and Bruce D. Werner**, as follows:

1. The above-captioned action shall, upon payment of the settlement amount as provided in paragraph 3 below, be dismissed and discontinued against all named Defendants with the exception of the damages inquest against Defendant **Curtis Kubiak** as provided in paragraph 6, with prejudice and without costs, pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

2. Any and all claims for injunctive relief, damages, costs, disbursements and legal fees by Plaintiff that are the subject of this action against, or that otherwise arise out of any of the incidents alleged in the Plaintiffs Complaint except as provided in paragraph 6, are hereby settled for the sum of seventy-five thousand dollars ($75,000.00), in full satisfaction of all claims for injunctive relief, damages, costs, disbursements and legal fees.  The parties acknowledge and agree that such amount represents payment on account of Plaintiff's personal physical injuries and emotional distress arising therefrom, together with medical expenses incurred or expected to be incurred as a result of such physical injuries and emotional distress.  The parties also acknowledge and agree that no IRS Form 1099 will be issued with respect to such payment.

3. The payment of $75,000.00 recited in paragraph 2 above shall be drawn to the order of Plaintiff, Felicia Dixon, and remitted for deposit in Plaintiff's bank account: Chase, One Wall Street, New York, New York 10286, routing no. ███████, account no. ███████.

4. In consideration of the payment of the sum recited in paragraph 2 above the Plaintiff, FELICIA DIXON, with effect from her receipt of payment of $75,000 as provided in Paragraph 3 above, releases the Defendants, except as provided in paragraph 6, and any and all current or former employees of the New York State Department of Correctional Services, in their individual and official capacities, and their heirs, executors, administrators and assigns, and the State of New York and the New York State Department of Correctional Services, from any and all claims, liabilities and causes of action related to or arising out of those claims and causes of action and claims of liability set forth in the Complaint, in the above-captioned action and/or occasioned by or arising out of the facts set forth in this action.

5. Nothing in this stipulation of settlement shall be construed as an admission or concession of liability whatsoever by the Defendants, the State of New York, or by the New York State Department of Correctional Services regarding any of the allegations made by the Plaintiff in her Complaint, including, but not limited to, any claims that the Plaintiff's rights under the federal or New York State constitutions or statutes were violated.  The Defendants Anginell Andrews, Robert Kirkpatrick, Jean Slawatycki, Gary Baugher, Terry Molisani, Michael Higgins, and Bruce D. Werner expressly deny that they violated the Plaintiff's rights or acted improperly in any manner.

6. It is expressly acknowledged and understood by the parties to this stipulation of settlement that this settlement is not intended to cover or compensate the Plaintiff for any claims she has or may make against the defendant Curtis Kubiak.  The Office of the Attorney General does not represent Curtis Kubiak, has denied Curtis Kubiak's request for representation by the Office of the Attorney General, and has denied Curtis Kubiak's request for the State of New York to pay for private counsel.  Nothing in this stipulation of settlement, or the monies paid to

-5-

the plaintiff under this settlement, shall be construed to mean that the State of New York and/or the New York State Department of Correctional Services has agreed to defend and/or indemnify the defendant Curtis Kubiak.  Nothing in this stipulation of settlement shall impact the ability of Plaintiff to conduct a damages inquest against Curtis Kubiak, against whom a default judgment has already been rendered in this matter.

7. In consideration for and as a part of this settlement, at the time of the execution of this stipulation, Plaintiff shall execute a stipulation discontinuing with prejudice Claim Number 112068 currently pending in the New York State Court of Claims, which shall not be filed with the court or take effect until Defendant's counsel received verification from Plaintiff of payment of the settlement amount as provided in paragraph 3 above.

8. Payment of the amount recited in paragraph 2 above is subject to the approval of all appropriate New York State officials in accordance with the provisions for indemnification under New York Public Officers Law §17, which approval will not be unreasonably withheld.

9. Payment of the amount recited in paragraph 2 above will be made within one hundred and twenty (120) days after the receipt by Defendants' counsel of a copy of the fully executed so-ordered Stipulation and Order of Settlement as approved by and entered by the Court.  In the event that the aforesaid payment is not made within the one hundred and twenty (120) day period, interest shall accrue on the outstanding principal balance at the rate set forth in 28 U.S.C. § 1961, beginning on the one hundred and twenty first day after receipt by Defendants' counsel of a copy of the fully executed so-ordered stipulation of settlement.

10. This Stipulation and Order of Settlement and any orders entered thereon shall have no precedential value or effect whatsoever and shall not be admissible in any other action or

proceeding as evidence or for any other purpose except in an action or proceeding to enforce this stipulation of settlement.

    11.    This Stipulation and Order of Settlement embodies the entire agreement of the parties in this manner.

DATED: Buffalo, New York
          2/14/11

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
Counsel for Defendants **Anginell Andrews, Robert Kirkpatrick, Jean Slawatycki, Gary Baugher, Terry Molisani, Michael Higgins, and Bruce D. Werner**
BY:    s/ David J. State

_____
DAVID J. STATE
Assistant Attorney General of Counsel
Main Place Towers
350 Main Street, Suite 300A
Buffalo, NY 14202
(716) 853-8566
David.State@ag.ny.gov

DATED: New York, New York
          2/11/11

BY:    s/ Olga L. Tobin
_____
Olga L. Tobin, Esq.

Kelly Helt, Esq.
Peter A. Steciuk, Esq.
Taly Dvorkis, Esq.
Joshua D. Glickman, Esq.
125 Broad Street
New York, New York 10004
(212) 558-4000
heltk@sullcrom.com
tobino@sullcrom.com
steciukp@sullcrom.com
dvorkist@sullcrom.com
glickmanj@sullcrom.com

*Counsel for Plaintiff*

-7-

DATED:                                 FELICIA DIXON
         2/8/11                     The Plaintiff
                                      BY:
                                      s/ Felicia Dixon
                                      _____
                                      FELICIA DIXON

IT IS SO ORDERED.
ENTER:

                                      _____