UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| FELICIA DIXON, | **REPORT AND RECOMMENDATION** |
| Plaintiff, | |
| | 08-CV-00528(S)(M) |
| v. | |
| CURTIS KUBIAK, et al., | |
| Defendants. | |

_____

### INTRODUCTION

Plaintiff was previously granted a default judgment as to liability against defendant Curtis Kubiak [105],[1] and now applies for an award of damages pursuant to Fed. R. Civ. P. ("Rule") 55(b)(2) [158]. This application, being dispositive, has been referred to me by Hon. William M. Skretny for a Report and Recommendation [62]. For the following reasons, I recommend that the application be denied, without prejudice to renewal after an evidentiary hearing.

### BACKGROUND

As a result of the default judgment as to liability, the following allegations of the Second Amended Complaint [55-46][2] are deemed admitted. On September 7, 2005, while plaintiff was incarcerated in the Albion Correctional Facility, she was raped by defendant Kubiak, a corrections officer. Id., ¶42. Defendant Kubiak pleaded guilty to two misdemeanors,

---

[1] Bracketed references are to CM-ECF docket entries.

[2] Although plaintiff's application cites the allegations of her Fourth Amended Complaint [68], the default judgment was granted as to the Second Amended Complaint, whose allegations govern for purposes of this proceeding.

Sexual Misconduct and Official Misconduct, and admitted to having sexual intercourse with plaintiff on September 7, 2005. Id., ¶48.

After obtaining a default judgment as to liability against defendant Kubiak, plaintiff settled her claims against the remaining defendants [148, 149, 151, 152]. According to plaintiff, "[t]he only remaining issue in this case is the calculation of damages that Defendant [Kubiak] should pay as a result of his rape of Plaintiff on September 7, 2005". Plaintiff's Memorandum of Law [158-1], p.1. She claims entitlement to "$250,000 in compensatory damages and $150,000 in punitive damages". Id.

In support of her claim for those damages, plaintiff has submitted an affidavit [158-2, Ex. C] in which she alleges that defendant Kubiak forced her to perform oral sex on him on two prior occasions (id., ¶3), that she "experience[s] flashbacks and nightmares; and [she] even sometimes hear[s] voices in [her] head that remind [her] of the rape" (id., ¶11), that she "often feel[s] afraid; helpless; angry; distressed; depressed; anxious; irritable and/or stressed" and suffers from "frequent mood swings" (id., ¶¶12-13), that she has also experienced difficulties with sleeping, concentration, sexual intimacy and being around people (id., ¶¶14-16), and that she has undergone counseling and has taken medication, including Zyprexa and Remeron, for her symptoms, which has helped her "feel somewhat better" (id., ¶¶21, 22).

Plaintiff also submits the affidavit of clinical psychologist Jessica Pearson, Psy. D. [158-1, Ex. D], who opines "that the Plaintiff suffers from posttraumatic stress disorder ('PTSD') and that the trauma leading to the development of PTSD occurred . . . when she was forced to have oral and vaginal intercourse with Corrections Officer Curtis Kubiak". Id., ¶10.

-2-

In addition, plaintiff submits the deposition testimony of defendant Kubiak [158-2, Ex. B]. While admitting that he had sexual relations with plaintiff and that "[b]y State law, yeah, it was rape" (id., pp.205-06), Kubiak testified that plaintiff initiated the sexual encounter on September 7, 2005 (id., p.185), that at no time did he force her to have sex with him (id., p.221), and that she threatened to report him if he did not pay her $10,000 (id., p.223).

## ANALYSIS

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages . . . . Damages, which are neither susceptible of mathematical computation nor liquidated as of the default, usually must be established by the plaintiff in an evidentiary proceeding." Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir.1992), cert. denied, 506 U.S. 1080 (1993).

The Second Amended Complaint's "well pleaded allegations of liability" establish that defendant Kubiak raped plaintiff on September 7, 2005. While any form of rape is obviously inexcusable, this allegation sheds no light on the circumstances of the rape which would enable me to determine an appropriate award of damages without further testimony. As plaintiff acknowledges, "even if she had consented, the encounter would still have been rape as a matter of law". Plaintiff's Memorandum of Law [158-1], p.2, n.2.[3]

---

[3] "Because plaintiff was incarcerated, she lacked the ability to consent to engage in sexual intercourse with [a corrections officer] as a matter of law. See N.Y. Penal Law § 130.05(3)(f). Thus, even if [the] defense was that the sexual intercourse with plaintiff was physically consensual, this may also constitute a constitutional violation." Cash v. County of Erie, 2009 WL 3199558, *2 (W.D.N.Y. 2009).

By virtue of his default, defendant Kubiak is deemed to have admitted that he had some form of intercourse with plaintiff on September 7, 2005. Second Amended Complaint [55-46], ¶¶42, 48. He is also deemed to have admitted that "[o]n or about July 31, 2005, [he] initiated an on-going sexual relationship with Plaintiff". Id., ¶36. However, he is *not* deemed to admit the allegations of plaintiff's affidavit in support of this application which are not set forth in the Second Amended Complaint, such as that he forced her to have oral or vaginal sex with him. Since "plaintiff is considered the master of her complaint", Sharp v. McKeon 2009 WL 2878534, *2 (W.D.N.Y. 2009) (Arcara, J./Scott, M.J.), she must bear the consequences of any ambiguity in the allegations of the Second Amended Complaint. *See* Di Marco Constructors, LLC v. Sinacola, Inc. 407 F.Supp.2d 442, 445 (W.D.N.Y. 2006) (Larimer, J.) ("when there is doubt as to the propriety of default relief, the doubt should be resolved in favor of the defaulting party"); OTO Software, Inc. v. Highwall Technologies, LLC, 2011 WL 3236049, *4 (D.Colo.), adopted, 2011 WL 3235707 (D.Colo. 2011) ("under Rule 55, a defendant is not held to admit facts that are not well-pleaded").

In considering plaintiff's application, I may not "just accept [plaintiff's] statement of the damages". Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc., 109 F.3d 105, 111 (2d Cir. 1997). Instead, I have an "obligation to ensure that the damages [are] appropriate", and to "take the necessary steps to establish damages with reasonable certainty". Id. "The 'reasonable certainty' requirement demands that the plaintiff demonstrate more than 'merely speculative, possible, or imaginary' damages", Mason Tenders District Council Welfare Fund v. A.G.I., Inc., 2005 WL 1565831, *5 (S.D.N.Y. 2005), "[a]lthough damages do not have to be proven with mathematical precision". Id.

The evidence submitted by plaintiff in support of this application is not entirely consistent. Not only does plaintiff's version of events conflict with defendant Kubiak's deposition testimony, but plaintiff *herself* did not always tell the same story. For example, Dr. Pearson's report indicates that immediately after the September 7, 2005 incident, plaintiff told the hospital nurse that "[t]hey had intercourse twice and oral sex once. She reported the sex was unprotected each time". [158-2, p.4]. However, plaintiff told Dr. Pearson that they had oral sex twice and intercourse once, and that defendant Kubiak wore a condom on each occasion. Id., pp. 11-12. Moreover, Dr. Pearson's notation that the hospital records "indicate that Ms. Dixon declined pregnancy and HIV prophylaxis" (id., p.4) seems difficult to reconcile with her claim of unprotected forcible rape.

"[J]udgment against a defaulting party should be granted only after careful examination of the moving party's claim by the district court . . . . [T]here must be a sufficient basis *in the pleadings* for the judgment entered." Di Marco Constructors, 407 F. Supp.2d at 445 (emphasis added). Given the discrepancies in the evidence submitted thus far, I am unable to determine an appropriate award of compensatory damages with "reasonable certainty".

Accordingly, a further hearing will be necessary, at which I will have the opportunity to assess the demeanor of the witnesses as well as the substance of their testimony. *See* Di Marco Constructors, 407 F. Supp.2d at 445 ("After examining [plaintiff's] application and the evidence submitted, I find that [plaintiff] has failed to establish . . . entitlement to default judgment in the manner or amount requested. A hearing on damages is necessary at which [plaintiff] may present further proof regarding the relief requested").

The same considerations apply to plaintiff's request for an award of punitive damages. Even if I assume that *some* level of punitive damages might be warranted for defendant Kubiak's having sexual relations with an inmate, determination of an appropriate award requires consideration of certain "guideposts", including "(1) the degree of reprehensibility of the tortious conduct, [and] (2) the ratio of punitive damages to compensatory damages". Mathie v. Fries, 121 F.3d 808, 816 (2d Cir. 1997). Since the evidence submitted thus far does not allow me to accurately assess the reprehensibility of defendant Kubiak's conduct[4] or to award compensatory damages from which I may apply a ratio, I cannot award punitive damages absent further proceedings.

## CONCLUSION

For these reasons, I recommend that plaintiff's application [158] be denied, without prejudice to renewal following a testimonial hearing. *See* Di Marco Constructors, 407 F. Supp.2d at 449. Unless otherwise ordered by Judge Skretny, any objections to this Report and Recommendation must be filed with the clerk of this court by October 13, 2011 (applying the time frames set forth in Rules 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Skretny.  A party who "fails to object timely . . . waives any

---

[4] I note that the allegations in plaintiff's default application exceed the scope of the allegations contained in the Second Amended Complaint. For example, plaintiff alleges that defendant Kubiak forced her to perform oral and vaginal sex, whereas the Second Amended Complaint says nothing about the use of force, nor does it specify the nature of the sexual activity which occurred on the date at issue, September 7, 2005. "It is improper for a plaintiff to expand the tenor and scope of its factual allegations in this manner in default judgment proceedings." Ward v. Real Ships, Inc., 2009 WL 3528365, *5 n.12 (S.D.Ala 2009).

right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objections.


Dated: September 26, 2011

                                /s/ Jeremiah J. McCarthy
                                JEREMIAH J. MCCARTHY
                                United States Magistrate Judge